[Cite as *State v. Goff*, 2016-Ohio-7834.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-08-017 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 11/21/2016 |
| - vs - | | |
| | : | |
| JAMES R. GOFF, | : | |
| | | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 95-5-008

Richard W. Moyer, Clinton County Prosecuting Attorney, Andrew T. McCoy, 103 East Main Street, Wilmington, Ohio 45177, for plaintiff-appellee

Marshall G. Lachman, 75 North Pioneer Boulevard, Springboro, Ohio 45066, for defendant-appellant

Angela Wilson Miller, 322 Leeward Drive, Jupiter, Florida 33477, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, James Goff, appeals a decision of the Clinton County Court of Common Pleas resentencing him to death for the murder of an elderly woman.

{¶ 2} Appellant was indicted in 1995 for the murder of 88-year-old Myrtle Rutledge. A jury found appellant guilty of aggravated murder with a death penalty specification,

aggravated burglary, aggravated robbery, and grand theft. On August 11, 1995, after hearing extensive mitigating evidence during the penalty-phase hearing, the jury recommended that appellant be sentenced to death. On August 18, 1995, after weighing the mitigating and aggravating factors, but without first providing appellant with an opportunity to exercise his right of allocution, the trial court accepted the jury's recommendation and sentenced appellant to death. Appellant was sentenced to three consecutive prison terms on the other charges.

{¶ 3} Appellant's conviction and death sentence were affirmed by this court in 1997 and by the Ohio Supreme Court in 1998. *State v. Goff*, 12th Dist. Clinton No. CA95-09-026, 1997 WL 194898 (Apr. 21, 1997); *State v. Goff*, 82 Ohio St.3d 123 (1998). The United States Supreme Court then denied appellant's petition for certiorari. *Goff v. Ohio*, 527 U.S. 1039, 119 S.Ct. 2402 (1999).

{¶ 4} In 2002, following a series of unsuccessful attempts at postconviction relief, appellant filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Ohio, alleging 25 constitutional errors. The District Court denied the petition but certified 17 claims for appellate review. *Goff v. Bagley*, S.D.Ohio No. 1:02-CV-307, 2007 WL 2601096 (Sept. 10, 2007). Included within those claims was whether appellant had received ineffective assistance of counsel as a result of his appellate counsel's failure to raise on direct appeal the issue of appellant's right to allocution before sentencing.

{¶ 5} On April 6, 2010, the United States Court of Appeals for the Sixth Circuit issued a decision, finding appellant had received ineffective assistance of counsel as a result of his appellate counsel's failure to raise the issue of appellant's right to allocution. *Goff v. Bagley*, 601 F.3d 445, 467 (6th Cir.2010). The Sixth Circuit conditionally granted the writ of habeas corpus "unless the Ohio Courts reopen [appellant's] direct appeal within 120 days to allow [appellant] to raise his allocution argument." *Id.* at 473. Consequently, this court reopened

appellant's direct appeal to allow him to raise his allocution argument.

{¶ 6} On March 19, 2012, "we confirm[ed] our prior judgment affirming appellant's conviction," but reversed and vacated our prior judgment affirming his sentence, finding the trial court erred in failing to afford appellant his right of allocution. *State v. Goff*, 12th Dist. Clinton No. CA95-09-026, 2012-Ohio-1125, ¶ 20. We remanded the matter to the trial court "for the sole purpose of resentencing" and with instructions "to personally address appellant and afford him his right of allocution before imposing its sentence." *Id.*

{¶ 7} Subsequently, appellant filed a motion in the trial court to preclude imposition of the death penalty on remand, arguing that Ohio law required imposition of a life sentence with parole eligibility after 20 or 30 years. Appellant alternatively moved the trial court to empanel a new jury for his resentencing hearing, citing R.C. 2929.06(B) and *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583. Following a hearing, the trial court denied the motion for a new jury, finding that *White* was inapplicable and therefore, R.C. 2929.06(B) did not require the empaneling of a new jury. The trial court held that the motion to preclude death penalty on remand was moot. Appellant appealed the trial court's decision but we dismissed the appeal for lack of a final appealable order.

{¶ 8} In 2013, appellant again filed a motion to preclude imposition of the death penalty on remand. In 2014, through new counsel, appellant filed a motion to preclude imposition of the death penalty on remand; or in the alternative, for the empanelment of a new jury; or at a minimum, for a hearing to proffer all new mitigation by testimony.

{¶ 9} On August 13, 2014, the trial court granted appellant's motion to proffer all new mitigating evidence but denied his motions to preclude imposition of the death penalty and to empanel a new jury. Subsequently, the trial court granted appellant's motion for funds to hire a consulting defense psychologist. Appellant hired Dr. Dennis Eshbaugh, a forensic psychologist who prepared a report.

{¶ 10} On June 30, 2015, the trial court conducted the resentencing hearing. Over the state's objection, the trial court allowed appellant to proffer Dr. Eshbaugh's report as representative of the psychologist's testimony had he been called to testify at the hearing. Defense counsel referenced appellant's difficult childhood and his youth and substance abuse at the time of the offenses. Defense counsel also briefly told the trial court that since being incarcerated, appellant has adjusted to prison life and has not shown any propensity towards violence. Defense counsel then asked that appellant be sentenced to prison for 52 years to life. The state asked that appellant be resentenced to death. The trial court then gave appellant the opportunity to make a statement. Appellant offered a brief statement in allocution.

{¶ 11} On July 1, 2015, the trial court resentenced appellant to death for the murder of Myrtle Rutledge. Appellant was resentenced to three consecutive prison terms on the other charges.

{¶ 12} Appellant now appeals, raising four assignments of error. For ease of discussion, the assignments of error will be addressed out of order.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE DECISION OF THE TRIAL COURT TO EXCLUDE TESTIMONY OF ADDITIONAL MITIGATING EVIDENCE IN THE TIME BETWEEN THE TWO SENTENCING HEARINGS, VIOLATED GOFF'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS AND OHIO CONST. ART. I, §§ 5, 9, AND 16.

{¶ 15} Assignment of Error No. 4:

{¶ 16} GOFF WAS DENIED DUE PROCESS, FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT AND A FAIR AND RELIABLE SENTENCE WHEN HIS DEATH SENTENCE WAS IMPOSED, IN PART, ON THE BASIS OF INFORMATION THAT HE HAD NO OPPORTUNITY TO DENY OR EXPLAIN. U.S. CONST. AMENDS. VIII, XIV; OHIO

CONST. ART. I, §§ 9, 10 AND 16.

{¶ 17} In his second and fourth assignments of error, appellant argues the trial court erred in not allowing him to present additional mitigating evidence at the resentencing hearing. Appellant asserts he should have been permitted to present any and all relevant mitigating evidence, including a psychological update via Dr. Eshbaugh's testimony and evidence of his good behavior in prison. Appellant asserts that preventing him from presenting additional mitigating evidence, including evidence to rebut the state's argument that he was too dangerous for a sentence of life in prison, violated his constitutional rights. In support of his argument, appellant cites *Davis v. Coyle*, 475 F.3d 761 (6th Cir.2007).

{¶ 18} The issue of whether a capital defendant, whose death sentence has been vacated, is entitled to present additional mitigating evidence at resentencing on remand has been addressed several times by the Ohio Supreme Court and rejected each time.

{¶ 19} In *State v. Davis*, 63 Ohio St.3d 44 (1992), Davis was tried to a three-judge panel and sentenced to death. The Ohio Supreme Court affirmed his conviction but reversed his death sentence based upon errors which occurred after all available mitigating evidence had been heard in the penalty phase of his trial. The case was remanded to the original three-judge panel for a resentencing hearing. During the resentencing hearing, the panel did not allow Davis to introduce evidence regarding his adjustment to prison life or to present a psychological update via expert testimony covering the period since his conviction and original sentencing. Instead, the panel limited its consideration to the evidence presented in mitigation at Davis' 1984 trial and subsequently resentenced him to death.

{¶ 20} On appeal, Davis argued his sentence should be vacated as he was not allowed to present additional post-trial mitigating evidence at the resentencing hearing. In support of his argument, Davis cited several United States Supreme Court opinions. *See Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954 (1978); *Eddings v. Oklahoma*, 455 U.S. 104,

102 S.Ct. 869 (1982); *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669 (1986); and

*Hitchcock v. Dugger*, 481 U.S. 393, 107 S.Ct. 1821 (1987). The Ohio Supreme Court

affirmed, rejecting Davis' argument that the Supreme Court opinions entitled him to post-trial

mitigating evidence on remand:

> [N]o relevant mitigating evidence was excluded from consideration by the panel during the mitigation phase of appellant's 1984 trial. All mitigating evidence which was available at that time was duly received and considered by the panel including appellant's ability to adjust to prison life. That same relevant evidence was again received and considered by the panel in 1989 for purposes of resentencing appellant. The evidence excluded from consideration * * * at appellant's resentencing hearing concerned certain *post-trial* matters.

(Emphasis sic.) *Davis*, 63 Ohio St.3d at 46.

{¶ 21} The supreme court next considered this issue in *State v. Chinn*, 85 Ohio St.3d

548 (1999). Chinn was sentenced to death following a jury trial. The appellate court affirmed

the conviction but vacated the death penalty based upon errors committed by the trial judge

in his independent evaluation of the sentence and in writing the sentencing opinion. On

remand, the trial court denied Chinn's motion to present additional mitigating evidence and

resentenced him to death. On appeal, the supreme court again rejected the argument that a

capital defendant is entitled to present new mitigating evidence on remand:

> [*Lockett*, *Skipper*, and *Hitchcock*] each involved a situation where the capital sentencer was prohibited, in some form or another, from considering relevant mitigating evidence at trial. In the case at bar, no relevant mitigating evidence was ever excluded from consideration during the penalty phase of appellant's 1989 trial. Therefore, the case at bar is clearly distinguishable from * * * *Lockett, Skipper,* and *Hitchcock.* Accordingly, as was the case in * * * *Davis*, we find *Lockett, Skipper,* and *Hitchcock* to be inapplicable here. It is of no consequence that the additional mitigating evidence in *Davis* involved *post-trial* accomplishments, whereas appellant's additional mitigation evidence involves matters appellant claims he could have presented but did not present during the mitigation phase of his 1989 trial. In this case, as in *Davis,* the errors requiring resentencing occurred after the close of the mitigation phase of the trial. Under these

circumstances, the trial court is to proceed on remand from the point at which the error occurred.

(Citation deleted and emphasis sic.) *Chinn* at 565. The supreme court further stated, "[the defendant] was not entitled to an opportunity to improve or expand his evidence in mitigation simply because [the court of appeals] required the trial court to reweigh the aggravating circumstance and mitigating factors." *Id.*

{¶ 22} In 2007, the United States Court of Appeals for the Sixth Circuit addressed this issue in habeas corpus proceedings involving the *Davis* case. *See Coyle*, 475 F.3d 761. The Sixth Circuit held that the three-judge panel's decision to exclude post-trial mitigation evidence from Davis' resentencing hearing violated his Eighth Amendment rights. *Id.* at 773. The Sixth Circuit stated that the Ohio Supreme Court's affirmance of that ruling in *Davis*, "based on the court's belief that the facts of Davis's case could be distinguished from *Skipper's* solely on the basis of timing, was both an unreasonable application of the decision in *Skipper* and contrary to the holding in that opinion and its antecedent cases." *Id.* The Sixth Circuit concluded that "the holding in *Skipper* * * * requires that, at resentencing, a trial court must consider any new evidence that the defendant has developed since the initial sentencing hearing." *Id.* at 774.

{¶ 23} In 2013, the Ohio Supreme Court once again considered this issue, this time in light of *Coyle*. *See State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580. Roberts was sentenced to death following a jury trial. The supreme court affirmed her conviction but vacated her death sentence and remanded the case for resentencing because the trial judge had engaged in ex parte communications with the prosecutor in drafting the sentencing opinion. On remand, Roberts moved to introduce new mitigating evidence at the resentencing hearing. The trial court denied the motion and Roberts proffered her evidence into the record. The trial court then resentenced her to death.

{¶ 24} On appeal, the supreme court rejected Roberts' claim that the Eighth Amendment entitled her to introduce new mitigating evidence on remand, *Coyle* notwithstanding. The supreme court first emphasized that *Coyle* was not binding precedent because the court was "not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court." *Roberts* at ¶ 33. The supreme court then declined to follow *Coyle*, noting that *Lockett*, *Eddings*, *Skipper*, and *Hitchcock* each "involved the trial court's exclusion of, or refusal to consider, evidence in the original sentencing proceeding. None of these cases involved a proceeding on remand." *Id.* at ¶ 34. By contrast, *Roberts*, like *Davis* and *Chinn*, involved "a proceeding on remand for the limited purpose of correcting an error that occurred *after* the defendant had had a full, unlimited opportunity to present mitigating evidence to the sentencer." (Emphasis sic.) *Id.*

{¶ 25} The supreme court then concluded:

> In a case in which the defendant was not deprived of any constitutional right - including her Eighth Amendment right to present mitigation - at the time of her mitigation hearing, there seems to be no basis for requiring the trial court to reopen or supplement that evidence in a later proceeding. To hold, as *Coyle* does, that a new mitigation hearing must be held, even though no constitutional error infected the original one, would transform the right to present relevant mitigation into a right to *update* one's mitigation. Such a right has no clear basis in *Lockett* or its progeny.

(Emphasis sic.) *Roberts*, 2013-Ohio-4580 at ¶ 36.

{¶ 26} The supreme court most recently addressed this issue in *State v. Jackson*, Slip Opinion No. 2016-Ohio-5488, a companion case to *Roberts*. As in *Roberts*, the supreme court affirmed Jackson's conviction but vacated his death sentence because the trial judge had engaged in ex parte communications with the prosecutor in drafting the sentencing opinion. On remand, Jackson moved to introduce new mitigating evidence at the resentencing hearing. The trial court denied the motion and resentenced him to death.

{¶ 27} On appeal, the supreme court once again rejected the claim that a capital defendant is entitled to improve or expand his mitigating evidence on remand simply because the trial court was required to resentence him and prepare a new sentencing opinion. *Jackson* at ¶ 70. Specifically, the court held that

> No binding authority holds that the Eighth Amendment requires a resentencing judge to accept and consider new mitigation evidence at a limited resentencing when the defendant had the unrestricted opportunity to present mitigating evidence during his original mitigation hearing. Accordingly, we adhere to our precedent in *Roberts*[.]

*Id.* at ¶ 73.

{¶ 28} In so holding, the supreme court cited a recent decision from the South Dakota Supreme Court, *State v. Berget*, 2014 S.D. 61, 853 N.W.2d 45. The *Berget* court, upon comparing the reasoning underlying *Coyle* and *Roberts* and determining that *Roberts* is the more persuasive authority, held that a capital defendant does not have an Eighth Amendment right to present updated mitigation evidence on resentencing. *Berget* at ¶ 38, 45-46.

{¶ 29} Quoting *Berget* with approval, the Ohio Supreme Court noted that

> recognizing a capital defendant's right to present updated mitigation on remand "would establish the incentive to turn a limited resentencing into a full-fledged, second sentencing hearing by seeking out all newly discoverable mitigation evidence conceivable, again no longer making the original sentencing proceeding the 'main event' but consigning it to a mere 'tryout on the road.' It is also more than conceivable that [the defendant] may claim new, positive relationships with family members, fellow prisoners, or strangers for the remainder of his life if this Court permits each assertion of a relationship to be grounds for a new sentencing hearing or grounds for ignoring our limited remand instructions."

(Citations deleted.) *Jackson*, 2016-Ohio-5488 at ¶ 72, quoting *Berget* at ¶ 45.

{¶ 30} In the case at bar, the error requiring the vacation of appellant's death penalty and his resentencing occurred when the trial court failed to provide appellant with an

opportunity to exercise his right of allocution in violation of Crim.R. 32(A)(1), prior to the imposition of sentence. Thus, as was the case in *Davis*, *Chinn*, *Roberts*, and *Jackson*, the error requiring resentencing occurred after the close of the mitigation phase of the trial, where appellant had a full, unlimited opportunity to present mitigating evidence. In other words, appellant's death sentence was vacated for a sentencing error unrelated and subsequent to the presentation of evidence during the mitigation phase of his 1995 trial.

{¶ 31} Accordingly, appellant was not entitled to improve or update his mitigating evidence or to present new mitigating evidence at his resentencing hearing. *Roberts*, 2013-Ohio-4580 at ¶ 36-39; *Jackson*, 2016-Ohio-5488 at ¶ 73. The trial court, therefore, did not err in not allowing appellant to present additional mitigating evidence, including rebuttal evidence, at the resentencing hearing.

{¶ 32} Appellant's second and fourth assignments of error are overruled.

{¶ 33} Assignment of Error No. 1:

{¶ 34} A CAPITAL DEFENDANT IS DENIED HIS SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS TO A FAIR TRIAL WHEN THE COURT REFUSES TO EMPANEL A NEW JURY FOR THE SENTENCING PROCEEDING. U.S. CONST. AMENDS. VI, VIII, XIV; OHIO CONST. ART. I, §§9, 16, 20.

{¶ 35} Appellant argues the trial court erred in denying his motion to empanel a new jury for the resentencing hearing. Appellant asserts the trial court was required under R.C. 2929.06(B) and the Ohio Supreme Court's decision in *White* to empanel a new jury on remand before it could resentence him to death. *See White*, 2012-Ohio-2583.

{¶ 36} In 1987, the Ohio Supreme Court held that when a death sentence imposed after a jury trial is vacated, empanelment of a new jury on remand was not permissible and therefore, the defendant could not be resentenced to death. *State v. Penix*, 32 Ohio St.3d 369, 372-373 (1987). In 1996, the General Assembly amended R.C. 2929.06 to permit

empanelment of a new jury and abrogate the *Penix* rule.

{¶ 37} R.C. 2929.06(B), in its current form, provides that whenever a death sentence is set aside, nullified, or vacated "because of error that occurred in the sentencing phase of the trial, * * * the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing." Thus, the effect of the 1996 amendment to R.C. 2929.06(B) permits any capital offender convicted by a jury and whose original death sentence was vacated to be resentenced to death on remand. *White*, 2012-Ohio-2583 at ¶ 6, 21; *State ex rel. Steffen v. Myers*, 143 Ohio St.3d 430, 2015-Ohio-2005 (R.C. 2929.06[B] permits the reimposition of the death sentence).

{¶ 38} *White* involved a capital defendant who had been convicted of aggravated murder with death specifications and sentenced to death after a jury trial. After the enactment of R.C. 2929.06(B), he obtained habeas corpus relief from his death sentence, obliging the trial court to resentence him. At his resentencing, and again on appeal, White argued that R.C. 2929.06(B) could not constitutionally be applied to a case involving a crime committed before its enactment. Thus, the issue before the supreme court was "whether the trial court should apply R.C. 2929.06(B) on resentencing, thereby allowing the death penalty to once again be available on remand." *White* at ¶ 3. The supreme court then addressed whether R.C. 2929.06(B) violated the Retroactivity and Ex Post Facto Clauses.

{¶ 39} The supreme court first held that R.C. 2929.06(B) applies to resentencings where the error invalidating the death sentence does not affect the guilt-phase verdict: "R.C. 2929.06(B) applies where an aggravated-murder conviction with a death specification has been affirmed, but the death sentence has been set aside for legal error, when the error infects and thus invalidates the sentencing phase of the trial." *White*, 2012-Ohio-2583 at ¶ 23-25.

**{¶ 40}** Addressing the defendant's retroactivity argument, the supreme court held, "The General Assembly has clearly expressed its intent that R.C. 2929.06(B) apply retroactively." *Id.* at paragraph two of the syllabus. The court further held, "R.C. 2929.06(B) is remedial, not substantive. Hence, the Retroactivity Clause of the Ohio Constitution does not bar its retroactive application in cases where the aggravated murder was committed before its enactment, but the death sentence was set aside after its enactment." *Id.* at ¶ 48. The court also held that the application of R.C. 2929.06(B) to the case did not violate the Ex Post Facto Clause. *Id.* at ¶ 64.

**{¶ 41}** The trial court denied appellant's motion on the ground that *White* was inapplicable and therefore, R.C. 2929.06(B) did not require the empaneling of a new jury. Specifically, the trial court found that because the error – failing to provide appellant with the right of allocution – "occurred after the jury had returned its verdict in the penalty phase and because this verdict was untainted by error," the court was "not required to empanel a new jury, but to proceed with resentencing after first providing the Defendant with the right of allocution." In support of its ruling, the trial court cited, inter alia, *Chinn*, 85 Ohio St.3d 548, and *Roberts*, 2013-Ohio-4580.

**{¶ 42}** As stated earlier, *Chinn* and *Roberts* both involved capital defendants who were tried to a jury and whose death sentences were vacated following errors committed by the trial court in drafting the sentencing opinion. Roberts was also sentenced to death without being afforded the right of allocution. Consequently, the Ohio Supreme Court vacated her death sentence, found the issue regarding allocution to be moot, and remanded the case to the trial court with instructions to provide Roberts with her right of allocution, determine anew the appropriateness of the death penalty, and to personally write the sentencing opinion. In both cases, the defendants were resentenced to death on remand; both appealed to the supreme court.

{¶ 43} In *Chinn*, the supreme court rejected the claim that the vacation of Chinn's death sentence also vacated the jury's sentencing recommendation: "The appellate court specifically determined, and we agree, that the recommendation of the jury was untainted by error." *Chinn*, 85 Ohio St.3d at 564. The supreme court then rejected the claim that *Penix* prohibited reimposition of the death penalty on remand:

> *Penix* does not preclude the trial court from imposing the death sentence on remand. The reason, of course, is that the errors identified and relied upon by the court of appeals in vacating appellant's original death sentence in 1991 related to the trial judge's independent evaluation of sentence. These errors were committed *after* the jury had returned its verdict in the penalty phase. Under these circumstances, * * * *Penix* does not prohibit the trial judge, on remand, from accepting the jury's 1989 sentencing recommendation. Rather, * * * the trial court was required to proceed on remand from the point at which the errors had occurred, *i.e.*, after the jury had returned its recommendation of death.

(Emphasis sic.) *Id.* at 564. The supreme court's holding in *Chinn* is clear: when, as in this case, "the errors requiring resentencing occurred after the close of the mitigation phase of the trial[,] the trial court is to proceed on remand from the point at which the error occurred," that is, after the jury had returned its recommendation of death. *Id.* at 654-565.

{¶ 44} Appellant argues *Chinn* is not applicable here because it was decided prior to *White*. However, *White* was concerned with the retroactive application of R.C. 2929.06(B), as amended in 1996, and whether a capital defendant remained eligible for the death penalty on remand, and not the circumstances under which the statute requires empanelment of a new jury. In addition, the death sentence in *White* was vacated based upon the trial court's failure to grant a challenge regarding a juror who was biased in favor of a death sentence. Thus, unlike in *Chinn*, the jury's recommendation was tainted in *White*. We find that *White* did not in any respect modify *Chinn*.

{¶ 45} In *Roberts*, decided after *White*, the supreme court, while addressing whether

Roberts was entitled to present new mitigating evidence on remand for resentencing, reiterated that

> when "errors requiring resentencing occurred after the close of the mitigation phase," the correct procedure was for the trial court "to proceed on remand from the point at which the error occurred." Indeed, we stated that "the trial court was *required* to proceed on remand from the point at which the errors had occurred, i.e., after the jury had returned its recommendation of death."

(Emphasis sic.) *Roberts*, 2013-Ohio-4580 at ¶ 45, quoting *Chinn*, 85 Ohio St.3d at 565. Continuing, the supreme court stated that on remand for resentencing, the trial court was bound by *Chinn* and the supreme court's remand order that the trial court afford Roberts her right of allocution, personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty. *Roberts* at ¶ 46.

{¶ 46} In the case at bar, the jury recommended a death sentence on August 11, 1995, after hearing extensive mitigating evidence. The error requiring vacation of the death sentence occurred a week later when at the sentencing hearing, where with no jury present, the trial court failed to provide appellant with his right of allocution before sentencing him. As in *Chinn* and *Roberts* and unlike in *White*, the jury's recommendation here was untainted by error. We vacated the death sentence and remanded the matter "for the sole purpose of resentencing" and with instructions to the trial court to "personally address appellant and afford him his right to allocution before imposing its sentence." *Goff*, 2012-Ohio-1125 at ¶ 20.

{¶ 47} Under these circumstances, the correct procedure for the trial court was to proceed from the point at which the error occurred, that is, after the mitigating evidence had been presented and after the jury had returned its recommendation of death. We find that the supreme court's clear holdings in *Chinn*, *Roberts*, and *Jackson* support our decision.

- 14 -

Because new, updated, and additional mitigating evidence cannot be presented on remand for resentencing and the jury's sentencing recommendation remains proper for consideration by the trial court, a new jury serves no purpose.

{¶ 48} The trial court, therefore, did not err in denying appellant's motion to empanel a new jury on remand on the grounds that *White* is not applicable here, and therefore, R.C. 2929.06(B) does not require the empanelment of a new jury.

{¶ 49} Appellant's first assignment of error is overruled.

{¶ 50} Assignment of Error No. 3:

{¶ 51} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF GOFF'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE. I, §§ 1, 2, 5, 9, 10, AND 16.

{¶ 52} Appellant argues he received ineffective assistance of counsel at his resentencing hearing because defense counsel failed to adequately prepare appellant for allocution and failed to proffer available, mitigating evidence from appellant's institutional file.

{¶ 53} To establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Appellant must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Appellant must further show that he was prejudiced by this deficient performance. *Id.* at 687. Appellant demonstrates prejudice when, but for counsel's errors, a reasonable probability exists that the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989). A strong presumption exists that the licensed attorney is competent and that the challenged action falls within the wide range of professional assistance. *Id.* at 142; *Strickland* at 689.

{¶ 54} Appellant first argues defense counsel was ineffective because he failed to properly prepare appellant and explain to him the importance of his statement to the court. During his brief statement in allocution, appellant stated he did not have a history of violence before or after his incarceration, he was offered a plea deal in 1995 but was not told what it involved, and he had a hard childhood. Appellant also asked for leniency.

{¶ 55} Appellant provided no substantiation for his claim of ineffective assistance of counsel other than his own self-serving statement. Appellant's broad and conclusory assertion is therefore insufficient to establish ineffective assistance of counsel. *See State v. Lattire*, 12th Dist. Butler No. CA2004-01-005, 2004-Ohio-5648; *State v. Witherspoon*, 12th Dist. Butler No. CA2010-01-025, 2010-Ohio-4569; *State v. Green*, 90 Ohio St.3d 352 (2000).

{¶ 56} Appellant also argues defense counsel was ineffective because he failed to proffer or present available, mitigating evidence from appellant's institutional file which would have shown appellant's adjustment to prison life as well as his "positive achievements, such as having a job inside the prison." In support of his argument, appellant cites *Coyle*, 475 F.3d 761.

{¶ 57} Upon review of the record, we find that defense counsel's representation was not deficient. While defense counsel did not speak at great length during the resentencing hearing, he did indicate to the trial court that appellant had adjusted to prison life, "ha[d] not had any major write-ups or disciplinary actions taken against him, and there [were] certainly none relating to violence," and "ha[d] not demonstrated a propensity towards violence" since his conviction and original sentencing. Defense counsel also successfully moved to proffer Dr. Eshbaugh's report. The report, which the trial court reviewed before resentencing appellant, discusses appellant's adjustment to prison life in some detail. Furthermore, given the Ohio Supreme Court's holdings in *Roberts* and *Jackson*, which rejected the right to present updated mitigation evidence at resentencing upon remand, defense counsel was not

ineffective for failing to present or proffer evidence from appellant's institutional file regarding his adjustment to prison life or good behavior in prison, in addition to that previously detailed.

{¶ 58} In light of the foregoing, we find that appellant has failed to establish ineffective assistance of counsel during the resentencing hearing. Appellant's third assignment of error is overruled.

{¶ 59} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.