[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Goff,* **Slip Opinion No. 2018-Ohio-3763.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2018-OHIO-3763**

**THE STATE OF OHIO, APPELLEE, *v.* GOFF, APPELLANT.**

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Goff,* **Slip Opinion No. 2018-Ohio-3763.**]

*Criminal law—Aggravated murder—Death sentence imposed after resentencing hearing affirmed.*

(No. 2017-0021—Submitted June 12, 2018—Decided September 20, 2018.)

APPEAL from the Court of Appeals for Clinton County,

No. CA2015-08-017, 2016-Ohio-7834.

_____

**KENNEDY, J.**

{¶ 1} Appellant, James R. Goff, was convicted of the aggravated murder of Myrtle Rutledge and sentenced to death. We affirmed his convictions and sentence on direct appeal. *State v. Goff*, 82 Ohio St.3d 123, 694 N.E.2d 916 (1998) ("*Goff I*").

{¶ 2} In 2010, concluding that Goff had received ineffective assistance of appellate counsel with respect to his right to allocution at trial, a federal court granted a writ of habeas corpus effective 120 days later "unless the Ohio courts

reopen Goff's direct appeal * * * to permit his counsel to raise this issue." *Goff v. Bagley*, 601 F.3d 445, 482 (6th Cir.2010) ("*Goff II*"). In 2015, after Goff's direct appeal was reopened and the case was remanded for resentencing, the trial court conducted a resentencing hearing at which Goff offered a statement in allocution. The trial court again sentenced him to death. The court of appeals affirmed. *State v. Goff*, 12th Dist. Butler No. CA2015-08-017, 2016-Ohio-7834 ("*Goff III*").

{¶ 3} In this appeal as of right, Goff asserts four propositions of law. For the reasons explained below, we reject each of Goff's propositions of law and affirm his death sentence.

## I. FACTS AND PROCEDURAL HISTORY

### A. The murder of Myrtle Rutledge

{¶ 4} In *Goff I*, this court set forth the facts of Rutledge's murder in detail. 82 Ohio St.3d at 124-127, 694 N.E.2d 916. For purposes of this opinion, we summarize those facts as follows.

{¶ 5} In September 1994, Rutledge, an 88-year-old woman, was in the process of moving out of her farmhouse and into a new home. On September 14, Rutledge purchased furniture for her new home from a store in Wilmington, Ohio. The next day, Goff and a coworker, Manuel Jackson, delivered the furniture to Rutledge's home and assembled a bed for her.

{¶ 6} Two days later, Rutledge's daughter went to her mother's house to pick her up for a family reunion and "found her mother's battered and naked body lying on the floor of the bedroom." *Id.* at 125. A deputy coroner determined that Rutledge had "died from blunt and sharp trauma to the head, neck, shoulders, and ankle." *Id.* Additionally, Rutledge had suffered "blood loss due to multiple stab wounds, one of which severed [her] carotid artery." *Id*.

### B. Goff's trial and initial sentence

{¶ 7} A jury found Goff guilty of aggravated murder, aggravated robbery, aggravated burglary, and grand theft of a motor vehicle.

{¶ 8} At the mitigation phase of Goff's trial, the defense presented testimony from Goff's former teacher, his former landlord, and a psychologist, Dr. Jeffrey Smalldon. Dr. Smalldon had examined Goff and also compiled a social history.

{¶ 9} The jury recommended a sentence of death. After conducting its own independent weighing of the aggravating circumstance and mitigating factors, the trial court sentenced Goff to death.

### C. Direct appeal and collateral review in state court

{¶ 10} Goff unsuccessfully appealed his convictions and death sentence to the Twelfth District Court of Appeals. *State v. Goff*, 12th Dist. Clinton No. CA95-09-026, 1997 WL 194898 (Apr. 21, 1997). We affirmed the appellate court's judgment. *Goff I*, 82 Ohio St.3d 123, 694 N.E.2d 916.

{¶ 11} Goff then pursued postconviction relief in state court without success. *See State v. Goff*, 12th Dist. Clinton No. CA2000-05-014, 2001 WL 208845 (Mar. 5, 2001) (petition for state postconviction relief); *State v. Goff*, 12th Dist. Clinton No. CA2000-10-026, 2001 WL 649820 (June 11, 2001) (motion for relief from judgment under Civ.R. 60(B)(5)); *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017, 784 N.E.2d 700 (application to reopen direct appeal pursuant to App.R. 26(B)).

### D. Collateral review in federal court

{¶ 12} In 2002, Goff filed a petition for habeas corpus relief in the United States District for the Southern District of Ohio, which was denied. *Goff v. Bagley*, S.D.Ohio No. 1:02-cv-307, 2006 WL 3590369 (Dec. 1, 2006). On appeal, however, the United States Court of Appeals for the Sixth Circuit determined that his appellate counsel had provided constitutionally ineffective assistance by not raising the trial court's failure to afford Goff his right to allocute before sentencing. *Goff II*, 601 F.3d at 464-467. The Sixth Circuit granted a writ of habeas corpus effective

120 days later "unless the Ohio courts reopen Goff's direct appeal * * * to allow Goff to raise his allocution argument." *Id*. at 473.

### E. Reopening of Goff's direct appeal and resentencing

{¶ 13} In accordance with the Sixth Circuit's directive, the Twelfth District reopened Goff's direct appeal to permit him to raise his allocution claim. *State v. Goff*, 12th Dist. Clinton No. CA95-09-026, 2012-Ohio-1125, ¶ 12. The appellate court confirmed its prior affirmance of Goff's convictions. However, due to the trial court's failure to afford Goff his right to allocution, the court vacated its prior affirmance of appellant's sentence and remanded the matter for resentencing. The court of appeals instructed the trial court, "[u]pon remand, * * * to personally address [Goff] and afford him his right to allocution before imposing its sentence." *Id*. at ¶ 20.

{¶ 14} On remand, the trial court granted Goff's motion to proffer new mitigation evidence and awarded him funds to hire a consulting psychologist.

{¶ 15} At the resentencing hearing, Goff's counsel proffered a report prepared by psychologist Dennis Eshbaugh, Ph.D., as representative of testimony Dr. Eshbaugh would have given had he been permitted to testify at the hearing. Counsel urged the court to impose a life sentence, emphasizing Goff's difficult childhood, his youth at the time of the offenses, his substance abuse at the time of the offenses, and his positive adjustment to prison life. The state advocated for a death sentence. Goff then made a statement in allocution. He noted that he had not been violent in prison, referred to his difficult childhood, and asked the court for leniency. The trial court sentenced Goff to death.

{¶ 16} The court of appeals affirmed Goff's sentence. *Goff III*, 2016-Ohio-7834. Goff appealed.

### III. ANALYSIS

{¶ 17} Goff raises four propositions of law, urging reversal of his death sentence:

1. Defendant-Appellant Goff was denied his substantive and procedural due process rights to a fair trial when the trial court refused to empanel a new jury for the sentencing proceeding.

2. The trial court erred when it excluded testimony of additional mitigating evidence in the time between the two sentencing hearings, in violation of Goff's rights under [the United States and Ohio Constitutions].

3. Trial counsel rendered ineffective assistance by failing to adequately prepare their client for allocution and by failing to proffer available, mitigating information from Goff's institutional file, in violation of Goff's rights under [the United States and Ohio Constitutions].

4. The Defendant-Appellant was denied due process, freedom from cruel and unusual punishment, and a fair and reliable sentence when his death sentence was imposed, in part, on the basis of information that he had no opportunity to deny or explain.

We will address Goff's propositions out of order for ease of analysis.

### A. Exclusion of new mitigation evidence

{¶ 18} Goff's second proposition of law asserts that the trial court violated his Eighth Amendment rights by excluding testimony that he sought to present as additional mitigating evidence, including evidence of Goff's good behavior in prison since the first sentencing hearing. Goff argues that he "should have been permitted to present any and all relevant mitigation evidence at the time of resentencing." In support of this argument, he relies on the United States Supreme Court's decisions in *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) (a sentencer may "not be precluded from considering, *as a mitigating*

*factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death [emphasis sic]") (plurality opinion); *Eddings v. Oklahoma*, 455 U.S. 104, 114, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) (a sentencer may not "refuse to consider, *as a matter of law*, any relevant mitigating evidence [emphasis sic]"); *Skipper v. South Carolina*, 476 U.S. 1, 7-8, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986) (testimony about a defendant's good behavior in jail pending trial was relevant mitigation evidence that should not have been excluded).

**{¶ 19}** We have previously rejected claims similar to Goff's argument, and we find the argument unpersuasive in the current procedural context of this case.

**{¶ 20}** We have held that when "the errors requiring resentencing occu[r] after the close of the mitigation phase of the trial"—after the jury has returned its verdict and made a sentencing recommendation—"the trial court is to proceed on remand from the point at which the error occurred." *State v. Chinn*, 85 Ohio St.3d 548, 565, 709 N.E.2d 1166 (1999). We reaffirmed this holding in *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 25, 35-36, in rejecting a capital defendant's argument that she was entitled to a full presentation of mitigation at her resentencing hearing. In *Roberts*, we explained that *Lockett*, *Eddings*, and *Skipper* were distinguishable in that each "involved the trial court's exclusion of, or refusal to consider, evidence in the *original* sentencing proceeding. None of these cases involved a proceeding on remand." (Emphasis added.) *Roberts* at ¶ 34. By contrast, *Roberts* "involve[d] a proceeding on remand for the limited purpose of correcting an error that occurred a*fter* the defendant had had a full, unlimited opportunity to present mitigating evidence to the sentencer." (Emphasis sic.) *Id.* We concluded that the *Lockett* line of cases did not "requir[e] the trial court to reopen the evidence after an error-free evidentiary hearing had already taken place." *Roberts* at ¶ 35, citing *Chinn* at 564-565. And we recently stated that "[n]o binding authority holds that the Eighth Amendment requires a resentencing

judge to accept and consider new mitigation evidence at a limited resentencing when the defendant had the unrestricted opportunity to present mitigating evidence during his original mitigation hearing." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 73.

{¶ 21} The underlying error currently at issue is the trial court's failure to provide Goff an opportunity to allocute at his initial sentencing hearing. Crim.R. 32(A)(1) requires a trial court to ask the defendant whether he "wishes to make a statement in his * * * own behalf" "[a]t the time of *imposing* sentence." (Emphasis added.) This cannot occur until after the defendant has had an opportunity to present mitigation evidence and the factfinder has made its sentencing recommendation. *See State v. Mason*, __ Ohio St.3d __, 2018-Ohio-1462, __ N.E.3d __, ¶ 11-12 (providing sequential description of imposition of a death sentence in Ohio). On remand for Goff's resentencing, the trial court had to proceed from the point of providing Goff an opportunity to allocute, which occurred after his opportunity to present mitigation evidence. Therefore, the trial court did not err in excluding testimony that Goff sought to present as additional mitigation evidence.

{¶ 22} Goff urges us to apply—instead of the above caselaw—the Sixth Circuit's holding in *Davis v. Coyle* that "at resentencing, a trial court must consider any new evidence that the defendant has developed since the initial sentencing hearing," 475 F.3d 761, 774 (6th Cir.2007), citing *Skipper*, 476 U.S. at 8, 106 S.Ct. 1669, 90 L.Ed.2d 1.

{¶ 23} We have already rejected similar claims based on *Coyle*: "To hold, as *Coyle* does, that a new mitigation hearing must be held, even though no constitutional error infected the original one, would transform the right to present relevant mitigation into a right to *update* one's mitigation. Such a right has no clear basis in *Lockett* or its progeny." (Emphasis sic.) *Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, at ¶ 36. "Establishing a right to update

mitigation could result in arbitrary distinctions between similarly situated capital defendants" because a defendant's ability to update his mitigation evidence would turn on whether or not a posthearing sentencing error took place that required a remand. *Id.* at ¶ 37. Because Goff fails to present a persuasive argument to depart from this analysis, we decline to do so.

{¶ 24} We reject proposition of law No. 2.

## B. Denial of jury for resentencing

{¶ 25} As his first proposition of law, Goff contends that the trial court violated his substantive- and procedural-due-process rights by refusing to empanel a new jury for the resentencing hearing. He presents both statutory and constitutional arguments in support of this proposition.

### 1. R.C. 2929.06(B)

{¶ 26} Goff asserts that R.C. 2929.06(B) directs the trial court on remand " 'to empanel a new jury and conduct a fresh penalty hearing,' " Goff's brief at 5, quoting *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, ¶ 2, because he was originally tried by a jury and his initial death sentence was vacated.

{¶ 27} R.C. 2929.06(B) provides:

> Whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply, the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing.

{¶ 28} We have previously considered and rejected Goff's argument. In *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, we had

8

vacated Donna Roberts's death sentence because the trial court failed to consider her allocution at her initial resentencing, *id.* at ¶ 21. On remand for a second resentencing, the trial court considered Roberts's allocution and again sentenced her to death without empaneling a new jury. *Id.* at ¶ 23-25. On appeal, Roberts urged this court to conclude that "R.C. 2929.06(B) should apply to the resentencing and require a de novo penalty-phase hearing before a new jury." *Id.* at ¶ 43.

{¶ 29} We found Roberts's argument unpersuasive. We reasoned that there was "no indication in R.C. 2929.06(B) that the General Assembly intended to abrogate" in capital cases the general rule that required the trial court on remand to proceed from the point at which the error occurred. *Id.* at ¶ 45. Because the error was the trial court's failure to consider Roberts's allocution, which occurred after the jury was discharged, on remand the "trial court was required to proceed from the point of error, not from an earlier point in the sentencing proceedings." *Id.* We further stated, "Because a legally valid penalty-phase jury verdict has already been rendered in this case, there is no reason to empanel a jury and retry the evidentiary portion of either the guilt or penalty phases of the proceeding." *Id.* at ¶ 46.

{¶ 30} As in *Roberts*, the sentencing error at issue in this case occurred after the verdict and R.C. 2929.06(B) did not require the trial court to empanel a new jury for resentencing.

### 2. Constitutional right to trial by jury

{¶ 31} Relying on *Hurst v. Florida*, 577 U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), Goff next argues that the trial court's failure to empanel a new jury for resentencing violated his Sixth Amendment and due-process rights.

{¶ 32} The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." The right to a jury extends to determinations of guilt and to "any fact that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348,

147 L.Ed.2d 435 (2000). This includes the finding of a statutory aggravating circumstance in a capital case, which is " 'the functional equivalent of an element of a greater offense.' " *Ring v. Arizona*, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), quoting *Apprendi* at 494, fn. 19.

**{¶ 33}** In *Hurst*, the United State Supreme Court considered the constitutionality of Florida's capital-punishment scheme, which provided that " '[a] person who has been convicted of a capital felony shall be punished by death' only if an additional sentencing proceeding 'results in findings by the court that such person shall be punished by death.' " *Hurst* at __, 136 S.Ct. at 620, quoting former Fla.Stat. 775.082(1), C.S.H.B. No. 3033, Ch. 98-3, Laws of Fla. The law provided for the jury to render an " 'advisory sentence' " recommending death but did not require the jury to specify the aggravating circumstances that influenced its decision. *Id.*, quoting former Fla.Stat. 921.141(2). The sentencing judge then imposed a death sentence after independently determining and weighing the aggravating and mitigating circumstances. *Id.*, citing former Fla.Stat. 921.141(3).

**{¶ 34}** Relying on *Apprendi* and *Ring*, the Supreme Court determined that Florida's scheme violated the Sixth Amendment because it "required the judge alone to find the existence of an aggravating circumstance," *Hurst*, 577 U.S. at __, 136 S.Ct. at 624, 193 L.Ed.2d 504, and the jury was "not require[d] * * * to make the critical findings necessary to impose the death penalty," *id*. at __, 136 S.Ct. at 622. The jury's advisory sentence was immaterial for Sixth Amendment purposes because it did not include " 'specific factual findings with regard to the existence of mitigating or aggravating circumstances and its recommendation [was] not binding on the trial judge.' " *Id*., quoting *Walton v. Arizona*, 497 U.S. 639, 648, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990).

**{¶ 35}** We have previously concluded that "Ohio's death-penalty scheme * * * does not violate the Sixth Amendment" because it "requires the critical jury findings that were not required by the laws at issue in *Ring* and *Hurst*." *Mason*, __

Ohio St.3d __, 2018-Ohio-1462, __ N.E.3d __, at ¶ 21, citing R.C. 2929.03(C)(2). Nevertheless, Goff contends that a jury should have been empaneled for his resentencing hearing to perform the weighing required under R.C. 2929.03(D)(2). He asserts that for Sixth Amendment purposes, the weighing of aggravating circumstances and mitigating factors is itself a factual finding necessary to impose a death sentence.

{¶ 36} Again, Goff's argument fails. The weighing that occurs in the sentencing phase " 'is *not* a fact-finding process subject to the Sixth Amendment.' " (Emphasis added in *Belton*.) *Mason* at ¶ 29, quoting *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 60. "The Sixth Amendment was satisfied once the jury found [Goff] guilty of aggravated murder and a felony-murder capital specification." *Mason* at ¶ 29.

{¶ 37} Goff also contends that he was entitled to a jury at resentencing because the trial court imposed his 2015 death sentence not only "based upon a jury recommendation made twenty-two years ago but also recent independent factfinding by the trial court." He characterizes these "critical findings" as ones "necessary to impose the death penalty."

{¶ 38} In its sentencing opinion, the trial court noted:

> The Court has reviewed and considered all of the trial transcripts of this matter, as well as all of the mitigating factors presented at the original trial, in addition to those that were presented or re-presented with regard to the resentencing hearing. The Court has further searched the entire record for any further evidence as to mitigation. Although parts of this opinion are similar to the Court's original opinion herein, it has considered anew, the evidence, testimony, arguments of counsel as well as the Defendant's allocution.

The court "also reviewed the proffered evidence (report of Dr. Eshbaugh, Ph.D.) by the Defendant." After considering all these materials, the court "found additional mitigating evidence as of the date of this hearing."

{¶ 39} As explained above, the weighing process is not fact-finding subject to the Sixth Amendment. Moreover, to the extent that the trial court improperly considered Dr. Eshbaugh's report as new mitigation evidence in its sentencing determination, Goff fails to explain how the court's consideration of the report as new mitigation evidence prejudiced him. *See Washington v. Recuenco*, 548 U.S. 212, 215, 221, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (*Apprendi* claims are subject to harmless-error analysis).

{¶ 40} We reject proposition of law No. 1.

## C. Ineffective assistance of counsel

{¶ 41} Goff asserts as his third proposition of law that trial counsel were ineffective at the resentencing hearing for inadequately preparing Goff for his allocution and failing to proffer mitigating information from Goff's institutional file.

{¶ 42} To prevail on a claim of ineffective assistance of counsel, Goff must (1) show that counsel's performance "fell below an objective standard of reasonableness," as determined by "prevailing professional norms," and (2) demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When performing a *Strickland* analysis, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

*1. Inadequate preparation for allocution*

**{¶ 43}** Goff acknowledges that he made a statement when the trial court, in accord with Crim.R. 32(A)(1), invited him to allocute at his resentencing hearing. He argues, however, that the "brief, detached" nature of his statement proves that trial counsel did not adequately prepare him for allocution. Goff contends that counsel should have helped him make "a coherent, compelling presentation," guided him by asking questions, encouraged him to apologize to the victim's family, and explained to Goff "the importance of his statements to the court."

**{¶ 44}** Goff has failed to satisfy *Strickland.* First, there is nothing in the record detailing what steps counsel did or did not take to prepare Goff for allocution. To prove that counsel's performance was deficient, Goff would need to rely on evidence outside the record, which is " 'not appropriately considered on a direct appeal,' " *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 102, quoting *State v. Madrigal*, 87 Ohio St.3d 378, 391, 721 N.E.2d 52 (2000).

**{¶ 45}** Second, even if counsel had performed deficiently in preparing Goff for his allocution, Goff has not demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. While asserting that "allocution is a significant opportunity for the defendant and can impact the outcome of the proceedings," Goff fails to make the crucial argument that his sentence would have been different had counsel better prepared him to allocute.

*2. Failure to proffer evidence from Goff's institutional file*

**{¶ 46}** Goff argues that his trial counsel were also ineffective for failing to "attempt to proffer testimony of prison staff or information from prison records" at the resentencing hearing and that he was prejudiced by that failure.

**{¶ 47}** As discussed above, the trial court correctly denied Goff's request to present new mitigation evidence, including evidence of his positive adjustment to incarceration in the 20 years since his initial sentence; he did not have a right to present new mitigation evidence at his resentencing. *See Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, at ¶ 73. Therefore, Goff was not prejudiced by trial counsel's failure to proffer the testimony as new mitigation evidence. *See State v. Clowers*, 134 Ohio App.3d 450, 457, 731 N.E.2d 270 (1st Dist.1999) (rejecting claim of ineffective assistance based on counsel's failure to proffer evidence when, even if counsel had preserved the objection, the evidence would have been inadmissible).

**{¶ 48}** We reject proposition of law No. 3.

### D. Denial of opportunity to deny or explain evidence

**{¶ 49}** In his fourth proposition of law, Goff asserts that his constitutional rights were violated because he was sentenced to death based, in part, on information that he had no opportunity to deny or explain. Specifically, he claims that he was denied the opportunity to introduce evidence of his behavior while incarcerated to rebut the prosecutor's "argument that he was too dangerous for a life in prison."

**{¶ 50}** A defendant is denied due process of law when the death sentence is "imposed, at least in part, on the basis of information which he had no opportunity to deny or explain." *Gardner v. Florida*, 430 U.S. 349, 362, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (plurality opinion). Goff, however, has not been denied this opportunity. After defense counsel argued in favor of a life sentence for Goff, the prosecutor stated, "[Goff] comes in here today, after he's spent all this time in jail, and to be blunt about it, if the death penalty really worked, he should have been put to death already!—And he asks for a chance to live?"

**{¶ 51}** Contrary to Goff's assertion, the prosecutor's statement did not portray Goff's behavior while incarcerated or his adjustment to death row as

support for imposing the death penalty. Instead, the statement was an observation regarding the significant period of time that Goff had been incarcerated without being executed.

{¶ 52} We reject proposition of law No. 4.

### E. Independent sentence evaluation

{¶ 53} Having considered Goff's propositions of law, we must now independently review his death sentence for appropriateness and proportionality, as R.C. 2929.05(A) requires. This review requires weighing all the facts and other evidence to determine whether the aggravating circumstance outweighs the mitigating factors and whether Goff's sentence of death is appropriate. We previously completed much of the independent sentence evaluation when we affirmed Goff's original death sentence on direct appeal. *See Goff I*, 82 Ohio St.3d at 141-143, 694 N.E.2d 916.

#### 1. Aggravating circumstance

{¶ 54} The evidence at trial established beyond a reasonable doubt that Goff committed the aggravated murder of Rutledge in the course of an aggravated burglary. *See* R.C. 2929.04(A)(7). The evidence also established beyond a reasonable doubt that Goff was the principal offender in the aggravated murder. *See id.*

#### 2. Mitigation evidence

{¶ 55} We must weigh the above aggravating circumstance against the mitigating factors contained in R.C. 2929.04(B). We must consider the mitigation evidence from Goff's trial in 1995 and any mitigating information presented during Goff's allocution at his resentencing hearing.

{¶ 56} In *Goff I*, this court found nothing in mitigation with respect to the nature and circumstances of the murder. 82 Ohio St.3d at 141, 694 N.E.2d 916. Instead, our primary focus was on Goff's "history, character, and background." *Id.*; R.C. 2929.04(B). Goff was significantly affected by his father's death when Goff

was only four years old.  Goff was left to be raised by a mother who "was a failure at motherhood, providing very little supervision."  *Goff I* at 142.  Goff's mother did not "provide even the basic needs of food, clothes and school," and Goff began shoplifting when he was six years old.  *Id*. at 143.  The family subsisted on welfare benefits and often lived in condemned housing, frequently lacking even toilet facilities.  He skipped school often and never graduated from high school.  Goff was eventually removed from his mother's custody and placed in foster care.  We concluded that Goff's "history, character, and background [were] entitled to some mitigating weight."  *Id.*

{¶ 57} The court identified three additional mitigating factors in *Goff I*: Goff's age of 19 at the time of the crime; his voluntary abuse of alcohol, marijuana, speed, inhalants, and crack cocaine; and the testimony of Dr. Smalldon, the defense psychologist, that Goff likely would adjust well to life in prison.  *See* R.C. 2929.04(B)(4) and (7).  The court afforded little weight to any of these additional mitigating factors.

{¶ 58} We now, however, afford some weight to Goff's adjustment to prison life.  In his allocution, Goff stressed that he had not "shown any violence" since he was imprisoned.  Goff's statement supports Dr. Smalldon's testimony at the initial trial that he would likely adjust well to life in prison.

{¶ 59} Goff also implied during his allocution that he did not accept a plea deal because he did not know what the deal entailed.  While it is unclear how this information is mitigating, a reasonable interpretation is that Goff may have been willing to accept responsibility for the murder if he had understood the plea deal.  We assign this evidence no weight.

{¶ 60} Finally, Goff referenced his troubled childhood.  His statement, however, failed to provide information that was not presented at the 1995 sentencing hearing.  Therefore, we maintain that Goff's "history, character, and

16

background" is "entitled to some mitigating weight." *Id.*, 82 Ohio St.3d at 143, 694 N.E.2d 916.

{¶ 61} Upon independent weighing, we again find that the aggravating circumstance outweighs the mitigating factors beyond a reasonable doubt. *See id.* Goff identified Rutledge, an 88-year-old woman, as a potential burglary victim while delivering furniture to her. He returned to Rutledge's home and murdered her in the course of the burglary. In contrast, Goff's mitigation evidence has little significance.

{¶ 62} Finally, we hold that Goff's death sentence is proportionate to death sentences that we have affirmed in similar cases. *See State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31; *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547; *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017.

{¶ 63} Accordingly, we affirm Goff's sentence of death.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Richard M. Moyer, Clinton County Prosecuting Attorney, and Andrew McCoy, Assistant Prosecuting Attorney, for appellee.

Marshall G. Lachman and Angela Wilson Miller, for appellant.

_____