[THE STATE, EX REL.] HARDESTY, APPELLANT, *v.*
WILLIAMSON, JUDGE, APPELLEE.

[Cite as Hardesty *v.* Williamson (1984), 9 Ohio St. 3d 174.]

(No. 82-1781—Decided February 15, 1984.)

*Mr. Douglas B. Dougherty,* for appellant.

*Ms. Betty D. Montgomery,* prosecuting attorney, and *Mr. James H. Granecki,* for appellee.

*Per Curiam.* This court has consistently held that entitlement to a writ of prohibition is dependent upon the demonstration of the following three requirements: "(1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists." *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117]. See, also, *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4 [15 O.O.3d 2]; *State, ex rel. Geauga County Budget Comm.,* v. *Court* (1982), 1 Ohio St. 3d 110, 111; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29.

The record reveals that concurrent with or soon after the prohibition action was filed in the court of appeals, appellant filed a discretionary appeal from the October 5, 1982 order, in which Judge Williamson declined to relinquish jurisdiction over the custody and child support issues. That appeal set forth precisely the same contentions contained in the present original action. On April 1, 1983, the court of appeals released its decision in that discre-

tionary appeal, concluding that the juvenile court erred in transferring the case to the Wood County domestic relations court. The court of appeals therefore ordered the cause remanded to the juvenile court for further proceedings.

We find that the availability of a plain and adequate remedy by way of appeal, of which appellant has availed himself, is fatal to appellant's request for a writ of prohibition.

It is well-settled that a "* * * discretionary right of appeal * * * [constitutes] a sufficiently plain and adequate remedy in the ordinary course of the law." *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 122 [16 O.O.3d 143]; *State, ex rel. Berger,* v. *McMonagle, supra,* at 30. Moreover, where such a discretionary appeal exists, this court has consistently held that prohibition cannot be used as a substitute therefor. *State, ex rel. Rose Hill Burial Park,* v. *Moser* (1982), 1 Ohio St. 3d 13, 14; *State, ex rel. Crebs,* v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52 [67 O.O.2d 61]; *State, ex rel. Toerner,* v. *Common Pleas Court* (1971), 28 Ohio St. 2d 213 [57 O.O.2d 439]; *State, ex rel. Rhodes,* v. *Solether* (1955), 162 Ohio St. 559 [55 O.O. 440].

Appellant not only possessed an adequate remedy at law by way of appeal, but he pursued that remedy and received a decision from the court of appeals on the precise issue which he now seeks to place before this court through an action in prohibition. Without question, appellant is seeking to employ the writ as a substitute for, or in conjunction with, a discretionary appeal contrary to this court's prior pronouncements.

In addition, we conclude that in view of the April 1, 1983 decision of the court of appeals, the subject action has been rendered moot. In *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, 104 [50 O.O.2d 265], this court stated that "[p]rohibition is a preventive writ rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine." However, where factual circumstances arise subsequent to the filing of a complaint requesting a writ of prohibition, which render the basis of the complaint moot, the writ will not issue. *State, ex rel. Phillips,* v. *Andrews* (1977), 50 Ohio St. 2d 341, 342 [4 O.O.3d 480]; *State, ex rel. Stokes,* v. *Probate Court* (1970), 22 Ohio St. 2d 120, 124 [51 O.O.2d 180]; *State, ex rel. Relyea,* v. *Schoonmaker* (1946), 147 Ohio St. 215, 216 [34 O.O. 104].

Such is the case in the present appeal, for when the court of appeals ordered the custody and child support action remanded to the juvenile court, the need to prevent appellee from further proceeding in the matter was obviated since appellee no longer possessed jurisdiction over the cause.

For the foregoing reasons, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.