[Cite as *State ex rel. Hassan v. Bova*, 2013-Ohio-4200.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100260**

# STATE OF OHIO, EX REL., ALEX HASSAN

RELATOR

vs.

# FRANK BOVA

RESPONDENT

## JUDGMENT:
PETITION DISMISSED

Writ of Habeas Corpus
Order No. 468181

**RELEASE DATE:**    September 23, 2013

**FOR RELATOR**

Alex Hassan, pro se
Inmate No. 0161587
Cuyahoga County Jail
P.O. Box 5600
Cleveland, OH 44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James M. Price
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Alex Hassan has filed a petition for a writ of habeas corpus. Hassan asserts that he is entitled to immediate release from incarceration "since he is being held illegally by respondent Frank Bova [the Cuyahoga County Sheriff] in the Cuyahoga County Jail located at 1215 W. 3rd St. Cleveland, Ohio 44113 pertaining to his department not properly calculating his jail time credit to petitioner's sentence (Cuyahoga County Common Pleas Case #558-182)." For the following reasons, we sua sponte dismiss the petition for a writ of habeas corpus.

**{¶2}** The Supreme Court of Ohio has established that

> Habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of the law. *In re Burson*, 152 Ohio St. 375 [40 O.O. 391][1949]. Habeas corpus may not be used as a substitute for appeal nor may be resorted to where an adequate statutory remedy for review of the questions presented exists.

*In re Piazza*, 7 Ohio St.2d 102, 103, 218 N.E.2d 459 (1966). *See also Linger v. Weiss*, 57 Ohio St.2d 97, 386 N.E.2d 1354 (1979); *In re Clendenning*, 145 Ohio St. 82, 60 N.E.2d 676 (1945).

**{¶3}** Moreover, the Supreme Court of Ohio has firmly established that a discretionary right of appeal constitutes a sufficiently plain and adequate remedy in the

ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983); *State ex rel. Cleveland v. Calandra*, 62 Ohio St.2d 121, 403 N.E.2d 989 (1980).

{¶4} Herein, Hassan was found to be in violation of community control sanctions for a third time on June 25, 2013, and sentenced to a term of incarceration of six months with credit for time already served. Hassan not only possessed adequate remedies at law, but has either employed an adequate remedy or failed to employ an existing adequate remedy at law. Hassan could have filed a timely appeal from the judgment that imposed a term of incarceration of six months, which constituted an adequate remedy at law. In addition, Hassan has filed a motion for jail-time credit in the underlying criminal action. The motion for jail-time credit constitutes an adequate remedy at law. *In re Hunt*, 46 Ohio St.2d 378, 348 N.E.2d 727 (1976); *In re Piazza*, at ¶ 103. *See also Hardesty v. Williamson*, 9 Ohio St.3d 174, 459 N.E.2d 552 (1984). Thus, Hassan is not entitled to a writ of habeas corpus.

{¶5} Accordingly, we sua sponte dismiss the petition for a writ of habeas corpus on behalf of Hassan. Costs to Hassan. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Petition dismissed.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR