[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. O'Malley v. Collier-Williams,* Slip Opinion No. 2018-Ohio-3154.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3154

THE STATE EX REL. O'MALLEY *v.* COLLIER-WILLIAMS, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. O'Malley v. Collier-Williams,* Slip Opinion No. 2018-Ohio-3154.]

*Mandamus and prohibition—Judge lacked jurisdiction to invalidate a jury waiver and impanel a jury for sentencing only—Writ of prohibition granted.*

(No. 2017-0346—Submitted February 13, 2018—Decided August 9, 2018.)

IN PROHIBITION and MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Cuyahoga County Prosecuting Attorney Michael C. O'Malley, seeks writs of prohibition and mandamus to prevent respondent, Cuyahoga County Common Pleas Court Judge Cassandra Collier-Williams, from empaneling a jury for intervening-respondent Kelly Foust's capital-murder resentencing hearing. We hold that Judge Collier-Williams patently and unambiguously lacks jurisdiction to empanel a jury for a resentencing hearing in a

capital-murder case when the defendant has validly waived a jury trial. We therefore grant O'Malley a writ of prohibition and order Judge Collier-Williams to vacate her March 9, 2017 journal entry granting Foust's renewed motion for a capital resentencing hearing before a jury. We deny as moot O'Malley's request for a writ of mandamus.

## I. Background

{¶ 2} In 2001, the Cuyahoga County Grand Jury indicted Foust on six counts of aggravated murder and 20 other felony counts. Each aggravated-murder count included six aggravating circumstances: one course-of-conduct specification and five felony-murder specifications for aggravated burglary, aggravated robbery, kidnapping, rape, and aggravated arson.

{¶ 3} Foust waived his right to a jury. A three-judge panel convicted him on five counts of aggravated murder and the related capital specifications, the lesser-included offense of murder, and some of the noncapital counts. Following a mitigation hearing, the panel unanimously determined that, beyond a reasonable doubt, the aggravating circumstances outweighed the mitigating circumstances and sentenced Foust to death. We affirmed Foust's convictions and death sentence on appeal. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836.

{¶ 4} In 2011, the United States Court of Appeals for the Sixth Circuit granted Foust a writ of habeas corpus, holding that his trial counsel's performance during the mitigation hearing was constitutionally ineffective. *Foust v. Houk*, 655 F.3d 524 (6th Cir.2011). The Sixth Circuit vacated Foust's death sentence and remanded his case to the trial court for a "new penalty-phase trial." *Id.* at 546.

{¶ 5} On remand in August 2012, the state asked the trial court to find that Foust's jury waiver applies to the new penalty-phase hearing and to schedule Foust's resentencing hearing before a three-judge panel. Judge Collier-Williams agreed. Almost a month later, Foust filed a motion requesting a jury for his penalty-

phase hearing, which the state opposed. Judge Collier-Williams denied Foust's motion on April 4, 2013. The hearing was then postponed numerous times.

{¶ 6} On March 7, 2017, Foust filed a "renewed" motion for a penalty-phase hearing before a jury based on *Hurst v. Florida*, __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). Foust contended that *Hurst* represents a "dramatic change" in the law, guaranteeing "a capital defendant an unequivocal right to a jury determination of every fact necessary to impose a sentence of death." Foust also argued that he was entitled to withdraw his earlier jury waiver, citing *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, for the proposition that "neither res judicata nor the law of the case precluded full consideration of the merits of a motion to withdraw a jury waiver for a new mitigation phase."

{¶ 7} Over the state's opposition, Judge Collier-Williams granted Foust's renewed motion for a jury on March 9, 2017. After reviewing "all the relevant matters including, but not limited to," *Davis* and *Hurst*, she made the following findings:

> [T]he defendant has a 6th Amendment right to have the specific findings authorizing the imposition of the sentence of death to be made by a jury. Regardless of the fact that the defendant waived his right to a jury 16 years ago, that waiver does not supercede [sic] his right to now demand a jury for the mitigation phase of his case. This court further finds that R.C. 2929.06(B) does not prevent the defendant from demanding a jury. While the statute sets forth the procedure for the sentencing/mitigation phase, it does not strip the defendant of his constitutional right to demand a jury.
>
> Finally, this court finds that the impaneling of a jury to hear this mitigation phase will not prejudice the state of Ohio. * * * Therefore, defendant's motion for jury is hereby granted.

{¶ 8} On March 10, 2017, O'Malley filed his complaint for writs of prohibition and mandamus. Judge Collier-Williams filed a motion to dismiss for failure to state a claim for relief in either prohibition or mandamus. Foust filed a motion to intervene as a respondent together with a motion to dismiss or for judgment on the pleadings. On July 26, 2017, we granted Foust's motion to intervene, denied Judge Collier-Williams's and Foust's motions to dismiss, and granted O'Malley an alternative writ. 150 Ohio St.3d 1405, 2017-Ohio-6964, 78 N.E.3d 907. O'Malley and Foust each filed a statement of facts and evidence, and Collier-Williams filed evidence.

## II.     Legal Analysis

### A. Writ of Prohibition

{¶ 9} A writ of prohibition is an extraordinary remedy that is granted in limited circumstances "with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). O'Malley is entitled to the writ only upon a showing that (1) Judge Collier-Williams is about to exercise or has exercised judicial power, (2) her exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. O'Malley need not establish the lack of an adequate remedy at law if Judge Collier-Williams's lack of jurisdiction is "patent and unambiguous." *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 6.

{¶ 10} In this case, the first element is not in dispute: Judge Collier-Williams clearly exercised judicial power by granting Foust's motion to revoke his jury waiver and to empanel a jury for his capital resentencing hearing.

4

1. Adequate Remedy

**{¶ 11}** Judge Collier-Williams and Foust contend that under R.C. 2945.67(A), which delineates when a prosecutor may appeal, O'Malley could have sought a discretionary appeal in the Eighth District Court of Appeals from the judge's order granting Foust's renewed motion to empanel a jury for his resentencing. Thus, they argue that O'Malley has an adequate remedy at law that precludes a writ of prohibition.

**{¶ 12}** O'Malley, on the other hand, contends that a discretionary appeal to the Eighth District pursuant to R.C. 2945.67(A) is not an adequate remedy, because that court has held that the state may seek leave to appeal only a final, appealable order, which Collier-Williams's March 9, 2017 journal entry is not. He cites *State v. Colon*, 8th Dist. Cuyahoga No. 103150, 2016-Ohio-707, ¶ 11-12, 14, in which the Eighth District granted the state leave to appeal but later dismissed the case for lack of a final, appealable order. The court reasoned, "When ruling on the state's motion for leave to appeal, courts must consider R.C. 2945.67 in conjunction with R.C. 2505.02 and 2505.03(A)." Those provisions define a final order and provide instruction on the process for appeal. The court of appeals concluded that the state could seek leave to appeal only a final, appealable order. *Id*. at ¶ 11. We declined jurisdiction. 146 Ohio St.3d 1491, 2016-Ohio-5585, 57 N.E.3d 1171.

**{¶ 13}** For a remedy to be adequate, it must, among other things, be complete and beneficial. *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 19. O'Malley argues that a discretionary appeal under R.C. 2945.67(A) is inadequate because it could never be beneficial in light of the Eighth District's ruling in *Colon*. But beneficial does not mean successful, and this court has held that failing to receive a favorable decision does not render the remedy inadequate. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 72 Ohio St.3d 205, 209, 648 N.E.2d 823 (1995). O'Malley concedes as much, but maintains that

because "the Eighth District categorically precludes the State from ever seeking leave to appeal" absent a final, appealable order and "does so specifically on jurisdictional grounds," his remedy *is* rendered inadequate.

{¶ 14} O'Malley's attempt to distinguish his case falls short. Despite the holding of *Colon*, he was not actually prevented from seeking leave to appeal Judge Collier-Williams's order. Had the Eighth District denied O'Malley leave to appeal the March 9, 2017 order, the state could have sought leave to appeal to this court. *See* S.Ct.Prac.R. 5.02 (jurisdictional appeals). It is well established that "a '[d]iscretionary right of appeal * * * [constitutes] a sufficiently plain and adequate remedy in the ordinary course of the law.' " *State ex rel. Hardesty v. Williamson*, 9 Ohio St.3d 174, 176, 459 N.E.2d 552 (1984), quoting *State ex rel. Cleveland v. Calandra*, 62 Ohio St.2d 121, 122, 403 N.E.2d 989 (1980).

{¶ 15} We have "consistently held that prohibition cannot be used as a substitute" when a discretionary appeal is available. *Hardesty* at 176. The "mere fact that this remedy may no longer be available because" the relator failed to pursue it "does not entitle [the relator] to the requested extraordinary relief in prohibition." *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, ¶ 38.

2. Patent and Unambiguous Lack of Jurisdiction

{¶ 16} Although O'Malley has an adequate remedy at law, he may still be entitled to a writ of prohibition if Judge Collier-Williams patently and unambiguously lacks jurisdiction to act. *State ex rel. State v. Lewis*, 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

{¶ 17} Judge Collier-Williams argues that she has basic subject-matter jurisdiction over Foust's resentencing pursuant to R.C. 2931.03. Quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, she contends that empaneling a jury for Foust's resentencing, despite his prior valid jury waiver, would be at most an error in the exercise of jurisdiction and therefore not

appropriate for a writ of prohibition. Indeed, Ohio courts of common pleas do have "original jurisdiction of all crimes and offenses." R.C. 2931.03. But contrary to the judge's claims, "the mere fact that the Ohio court has basic statutory jurisdiction to determine" a case or class of cases "does not preclude a more specific statute * * * from patently and unambiguously divesting the court of such jurisdiction." *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 46.

**{¶ 18}** There is such a specific statute here. When a capital offender's death sentence is invalidated by a federal or state court and a resentencing ordered, R.C. 2929.06(B) controls. That provision states: "If the offender was tried by a jury, the trial court *shall* impanel a new jury for the hearing. If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges *shall* conduct the hearing." (Emphasis added.) We have " 'consistently interpreted' the word 'shall' in a legislative enactment 'to make mandatory the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning.' " *State ex rel. Stewart v. Russo*, 145 Ohio St.3d 382, 2016-Ohio-421, 49 N.E.3d 1272, ¶ 13, quoting *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 19.

**{¶ 19}** Neither Judge Collier-Williams nor Foust contends that R.C. 2929.06(B) is ambiguous. Instead, quoting *Hurst*, __ U.S. __, 136 S.Ct. at 619, 193 L.Ed.2d 504, Judge Collier-Williams claims that the statute is invalid because the United States Supreme Court "unequivocally held that '[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death.' "

**{¶ 20}** But we have already rejected this interpretation of *Hurst*. In *State v. Mason*, __ Ohio St.3d __, 2018-Ohio-1462, __ N.E.3d __, ¶ 42, we observed that nothing in *Hurst* requires that "the jury alone [must] decide whether a sentence of death will be imposed" and held that Ohio's death-penalty scheme does not violate the Sixth Amendment. Moreover, *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-

1581, 74 N.E.3d 319, presents a factual scenario similar to the one in the capital case underlying this original action and stands for the proposition that neither *Hurst* nor the Sixth Amendment requires a jury for a capital sentencing hearing *when a defendant has waived his right to a jury for the trial phase*. *Id*. at ¶ 61 ("when a capital defendant in Ohio elects to waive his or her right to have a jury determine guilt, the Sixth Amendment does not guarantee the defendant a jury at the sentencing phase of trial").

{¶ 21} Judge Collier-Williams contends that *Belton* does not control the outcome in this case, because she "invalidated defendant Foust's jury waiver and/or permitted defendant Foust to withdraw his jury waiver." But a defendant cannot withdraw his jury waiver after the trial has commenced. *See* R.C. 2945.05 ("[Jury] waiver may be withdrawn by the defendant at any time before the commencement of the trial"); *State v. Frohner*, 150 Ohio St. 53, 80 N.E.2d 868 (1948), paragraph five of the syllabus. There is no authority for the proposition that this rule ceases to apply when a case is remanded solely for resentencing. To the contrary, by seeking to withdraw his jury waiver for purposes of his resentencing hearing, Foust is essentially trying to achieve what Belton could not: to have a panel of judges for the guilt phase and a jury for the sentencing phase.

{¶ 22} Alternatively, Foust argues that he cannot continue to be bound by his original jury waiver because *Davis*, he claims, "acknowledged" that " 'one cannot knowingly waive rights in connection with an unanticipated second trial.' " *Id*., 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, at ¶ 38, quoting *State v. Campbell*, 414 N.J.Super. 292, 298, 998 A.2d 500 (App.Div.2010). But in *Davis*, we cited *Campbell* only to reject this argument:

> Davis's argument that his 1984 [jury] waiver could not be knowing and intelligent when applied to his 2009 resentencing because of changed circumstances appears to require that a

defendant waiving a jury trial possess more information than courts have usually held sufficient for a knowing and intelligent jury waiver.

*Davis* at ¶ 41.

**{¶ 23}** O'Malley asserts that Judge Collier-Williams patently and unambiguously lacks jurisdiction to create "a hybrid, nonstatutory sentencing procedure," which she did when she granted Foust's renewed motion to empanel a jury for his resentencing. He correctly states that the applicable statutes require a three-judge panel to conduct a new mitigation hearing following remand when a capital defendant has waived a jury for the guilt phase. *See* R.C. 2929.03(C)(2)(b)(i) (imposing sentence for a capital offense) and 2929.06(B) (resentencing after sentence of death is set aside). If we were to allow Judge Collier-Williams to proceed by empaneling a jury, the state would be prevented by double jeopardy from appealing the outcome of that resentencing.

**{¶ 24}** We have previously held that a court patently and unambiguously lacked jurisdiction to convene a jury for sentencing in a noncapital case in which the defendant had waived his right to a jury trial. *See State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644. In *Griffin*, we granted a writ of prohibition to stop a trial court from holding a noncapital sentencing hearing before a jury, purportedly to comply with *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We granted the requested writ because "[n]either the Ohio Constitution nor any statute authorizes Judge Griffin to conduct a jury sentencing hearing." *Griffin* at ¶ 15. Thus, the trial court patently and unambiguously lacked jurisdiction to order "a hybrid procedure * * * that is not sanctioned by any current or former version of a statute." *Id.* at ¶ 17.

**{¶ 25}** Accordingly, because O'Malley has established that Judge Collier-Williams patently and unambiguously lacked jurisdiction to invalidate Foust's

previous jury waiver and empanel a jury for his resentencing hearing, we grant the requested writ of prohibition.

### B. Writ of Mandamus

**{¶ 26}** Our issuing O'Malley a writ of prohibition renders his mandamus claim moot. *See State ex rel. Morenz v. Kerr*, 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 35-37 (issuance of a writ of prohibition renders mandamus claim moot).

### III. Conclusion

**{¶ 27}** We grant O'Malley a writ of prohibition because Judge Collier-Williams patently and unambiguously lacks jurisdiction to empanel a jury for Foust's capital resentencing hearing. Accordingly, we order Judge Collier-Williams to vacate the March 9, 2017 journal entry granting Foust's renewed motion for a capital resentencing hearing before a jury and to conduct that hearing before a three-judge panel. We deny as moot O'Malley's request for a writ of mandamus.

Writ of prohibition granted.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEGENARO, JJ., concur.

KENNEDY and DEWINE, JJ., concur in judgment only.

————————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski and Christopher D. Schroeder, Assistant Prosecuting Attorneys, for relator.

Zukerman, Daiker & Lear Co., L.P.A., Larry W. Zukerman, and S. Michael Lear, for respondent.

Robert L. Tobik, Cuyahoga County Public Defender, and Jeffrey M. Gamso, Assistant Public Defender, for intervening respondent.

————————————