[Cite as *State v. Lynch*, 2021-Ohio-4094.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210234 |
| | | TRIAL NO. B-9804522 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| RALPH LYNCH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 19, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman*, Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kathryn L. Sanford*, Assistant Ohio State Public Defender, and *Andrew Avellano,* for Defendant-Appellant.

**Bock, Judge.**

{¶1}   Defendant-appellant Ralph Lynch appeals the denial of his motion for a new mitigation hearing. Lynch challenges his capital sentence, asserting that the United States Supreme Court's holding in *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), renders Ohio's capital punishment scheme unconstitutional on its face and as applied to his sentence. The Supreme Court of Ohio has considered the impact of *Hurst* in *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56 (2018). Based on *Mason*, we reject Lynch's challenges and affirm the trial court's judgment.

## I.     Facts and Procedure

### A.  Lynch's Trial and Sentencing

{¶2}   In 1998, a grand jury indicted defendant-appellant Ralph Lynch for six felonies related to the death of six-year-old M.L., including three counts of aggravated murder. The aggravated-murder counts included four allegations of aggravating circumstances that could render Lynch death-penalty eligible under R.C. 2929.04.

{¶3}   Throughout Lynch's trial, the trial court, prosecutor, and defense counsel repeatedly told the jury that its sentencing verdict would be a recommendation to the trial court. During voir dire, the trial court explained bifurcated capital trials' sentencing procedures. It informed the jury that, if it found Lynch guilty of aggravated murder and one or more aggravating circumstances, it would determine if the aggravating circumstances outweighed any mitigating factors. If so, the jurors "would be required to make a recommendation to [the] Court that the death penalty be imposed." Following voir dire, Lynch moved to prohibit all

references to the sentencing verdict being a recommendation. The trial court denied that motion.

{¶4} The jury found Lynch guilty of all charges and found that all four aggravating circumstances existed. Namely, it found that Lynch had murdered M.L.: 1.) to escape detection, apprehension, trial, or punishment for another crime; 2.) while committing rape; 3.) while committing kidnapping; and 4.) while M.L. was under the age of 13. *See* R.C. 2929.04(A).

{¶5} At the start of the penalty phase, the trial court explained that the jury should determine if the aggravating circumstances outweighed the mitigating factors. If so, the jury was "responsible for returning a recommendation of the death penalty." And the prosecutor argued to the jury that "the only verdict [the jury would] be able to return is a recommendation to Judge Kraft that Ralph Lynch be put to death."

{¶6} In mitigation, the defense presented evidence that Lynch had survived poverty, abandonment, and multiple instances of sexual abuse as a child and had cognitive disabilities, post-traumatic stress disorder, and depression.

{¶7} During its penalty phase closing argument, the state told the jury:

* * * it will be your duty to find that the sentence of death shall be imposed upon Ralph L. Lynch. Then it will be your duty to find that the sentence of death shall be imposed upon Ralph L. Lynch.

It does not say "may be imposed." It does not say "should be imposed." It doesn't say "could be imposed." It says "shall be imposed."

{¶8} The trial court instructed the jury that it would "decide that the sentence of death shall be imposed" based on finding that the aggravating circumstances outweighed mitigating factors. The jury recommended that Lynch be sentenced to death. Following that recommendation, the trial court merged the aggravated-murder counts and independently reweighed the aggravating and mitigating circumstances. The trial court sentenced Lynch to death.

{¶9} On direct appeal, the Supreme Court of Ohio found evidence of prosecutorial misconduct, but considered it harmless. *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, 787 N.E.2d 1185, ¶ 124. The court reweighed the aggravating and mitigating circumstances and affirmed Lynch's sentence. *Id.* at ¶ 130.

{¶10} Lynch unsuccessfully challenged his sentence in postconviction petitions in state and federal court. *See State v. Lynch*, 1st Dist. Hamilton No. C-010209, 2001 WL 1635760 (Dec. 21, 2001); *State v. Lynch*, 1st Dist. Hamilton No. C-050914, 2006-Ohio-5076; *Lynch v. Hudson*, S.D.Ohio No. 2:07-cv-948, 2017 WL 3404773 (Aug. 9, 2017).

B. Lynch's Motion for a New Mitigation Trial

{¶11} In 2017, Lynch moved for leave to file a motion for a new mitigation trial based on the United States Supreme Court's decision in *Hurst*, 577 U.S. 92, 136 S.Ct. 616, 193 L.Ed.2d 504. Lynch argued that *Hurst* rendered Ohio's death penalty scheme unconstitutional. According to Lynch, *Hurst* rendered his sentence improper because it was the result of procedural irregularities, contrary to law, and based on an error of law.

{¶12} As Lynch's motion was pending before the trial court, the Supreme Court of Ohio decided *Mason.*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56.

Lynch renewed his motion for a new mitigation trial. The trial court denied that motion "pursuant to *Ohio v. Mason.*" Lynch appeals.

## II.    Law and Analysis

### A.  Facial Challenge

{¶13}  Lynch raises two assignments of error for review that we will address out of order. In his second assignment of error, Lynch contends that Ohio's death penalty scheme is facially unconstitutional following *Hurst.*

{¶14}  A statute's constitutionality is a question of law that we review de novo. *Andreyko v. Cincinnati,* 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 11 (1st Dist.). We begin with a presumption that Ohio's statutes are constitutional. (Citations omitted.) *State v. Mole,* 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368, ¶ 10. In a facial challenge, that presumption can be rebutted by proof beyond a reasonable doubt that the statute is clearly incompatible with the Constitution. (Citations omitted.) *Id.*

{¶15}  The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial "by an impartial jury." In conjunction with the Due Process Clause, that right requires a jury to find every element of a crime proven beyond a reasonable doubt. *Alleyne v. United States,* 570 U.S. 99, 103, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Facts that "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict" are elements of a crime that must be found by a jury. *Apprendi v. New Jersey,* 530 U.S. 466, 494, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In capital trials, an aggravating factor is the functional equivalent of an element of a more serious offense and therefore must be found by a jury. *Ring v. Arizona,* 536 U.S. 584, 608, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

{¶16} The Sixth Amendment "requires a jury, not a judge, to find each fact necessary to impose a death sentence. A jury's mere recommendation is not enough." *Hurst,* 577 U.S. at 94, 589 S.Ct. 2428, 193 L.Ed.2d 504. In *Hurst,* the United States Supreme Court held that Florida's capital sentencing scheme was unconstitutional. *Id.* Under Florida's scheme, an advisory jury issued a nonbinding sentencing recommendation of life or death to the trial court, which included no specific findings of fact regarding the existence of aggravating circumstances. *Id.* at 99. The Supreme Court explained that the Sixth Amendment requires a jury's verdict to serve as the basis for a death sentence, not a judge's fact-finding. *Id.* at 102. The Court overruled its precedent that held otherwise. *Id.* at 104 (overruling *Hildwin v. Florida*, 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 (1989), and *Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984)).

{¶17} Lynch argues that Ohio's capital sentencing scheme suffers from the same defects that rendered Florida's unconstitutional in *Hurst.*

{¶18} In Ohio, capital trials are bifurcated into two phases—a guilt phase and a penalty phase. During the guilt phase, the jury determines whether the defendant is guilty of aggravated murder and if any aggravating circumstances alleged in the indictment exist. R.C. 2929.03(B).

{¶19} In the penalty phase, the state presents the aggravating circumstances that the jury found in the guilt phase and the defense presents mitigating factors. R.C. 2929.04(B) and 2929.03(D)(1). The jury then weighs the aggravating and mitigating circumstances. R.C. 2929.03(D)(2). If a unanimous jury finds that the aggravating circumstances sufficiently outweigh the mitigating factors, "the jury shall recommend to the court that the sentence of death be imposed." *Id.*

{¶20} If the jury recommends death, the trial court must independently consider the "evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court." R.C. 2929.03(D)(3). The trial court then reweighs the aggravating and mitigating circumstances and determines if the aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt. *Id.* Upon making that finding, the trial court "shall impose sentence of death on the offender." *Id.* The trial court must state its specific findings in a separate opinion. R.C. 2929.03(F).

{¶21} Lynch urges this court to adopt a broad reading of *Hurst*—that the Sixth Amendment requires the jury to make specific factual findings regarding the sufficiency of the aggravating circumstances to impose the death penalty, rather than simply issue recommendations. Lynch contends that a jury's recommendation triggers improper independent judicial fact-finding before the trial court imposes the death penalty, inconsistent with *Hurst.* While Lynch's arguments arguably are somewhat persuasive, we must affirm the trial court's judgment.

{¶22} The Ohio Supreme Court rejected Lynch's arguments in *Mason,* 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.Ed. 56, at ¶ 29. First, material differences exist between the two schemes. Unlike in the former Florida death-penalty scheme, an Ohio jury must make findings in the guilt phase that one or more aggravating circumstances existed beyond a reasonable doubt. *Id.* at ¶ 32. That fact-finding was a "key distinction" for the Supreme Court of Ohio, as it established the aggravating circumstances that the trial court must weigh against mitigating circumstances. *Id.* at ¶ 37. Second, an Ohio trial court cannot find additional aggravating circumstances independent of the jury or increase the sentence based on its own finding. *Id.* at ¶ 39-40. Finally, *Mason* rejected the argument that *Hurst* requires a jury to exclusively

decide whether to impose death. *Id.* at ¶ 42. Instead, the court concluded that Ohio's scheme "safeguards offenders from wayward juries" when the trial court reweighs the aggravating circumstances found by the jury against the mitigating circumstances. *Id.* at ¶ 40.

{¶23} While Lynch disagrees with that reasoning, the Ohio Supreme Court has repeatedly reaffirmed *Mason* and upheld Ohio's capital punishment scheme as constitutional. *See State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 228; *State ex rel. O'Malley v. Collier-Williams*, 153 Ohio St.3d 553, 2018-Ohio-3154, 108 N.E.3d 1082, ¶ 20; *State v. Goff*, 154 Ohio St.3d 218, 2018-Ohio-3763, 113 N.E.3d 490, ¶ 36; *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, 123 N.E.3d 955, ¶ 279; *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 151-152; *State v. Graham*, 164 Ohio St.3d 187, 2020-Ohio-6700, 172 N.E.3d 841, ¶ 185-186.

{¶24} Therefore, under *State v. Mason*, we reject Lynch's facial challenge to Ohio's capital punishment scheme and overrule Lynch's second assignment of error.

### B. As-Applied Challenge

{¶25} In his first assignment of error, Lynch contends that Ohio's death-penalty scheme, as applied to his trial proceedings, violates the Sixth and Fourteenth Amendments to the United States Constitution. An as-applied challenge requires clear and convincing evidence that the application of the statute in the context of the specific case is unconstitutional. *Wymsylo v. Bartec, Inc.,* 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898, ¶ 20, 22.

{¶26} Lynch argues that comments made by the trial court, prosecutor, and his defense counsel unconstitutionally diminished the jury's sense of responsibility by characterizing its death sentence as a recommendation. Lynch relies on the

8

arguments made in his facial challenge—that under *Hurst* "a mere recommendation is not enough"—to argue that those comments were improper.

{¶27} The Eighth Amendment to the United States Constitution requires a jury in a capital case to be accurately informed of its responsibility for determining the propriety of imposing the death penalty. *Caldwell v. Mississippi,* 472 U.S. 320, 329, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). To succeed on his *Caldwell* claim, Lynch must first show that remarks made during the penalty phase erroneously "minimize[d] the jury's sense of responsibility for determining the appropriateness of death." *Id.* at 341. Second, Lynch must show that the remarks to the jury " 'improperly described the role assigned to the jury by local law.' " *Romano v. Oklahoma*, 512 U.S. 1, 9, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994), quoting *Dugger v. Adams*, 489 U.S. 401, 407, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989).

{¶28} During Lynch's trial, the prosecutor, trial court, and defense counsel all informed the jury that it could *recommend* that Lynch be sentenced to death. Yet, the trial court instructed the jury to "decide which sentence will be imposed" and that it was the jury's "duty to find that the sentence of death shall be imposed." An "uncorrected suggestion that the responsibility for any ultimate determination of death will rest with others presents an intolerable danger" that a jury will minimize the responsibility and importance of its role. *Caldwell* at 334. But we do not need to determine whether the trial court's instructions sufficiently corrected any suggestion that the responsibility for sentencing Lynch to death rested elsewhere.

{¶29} Lynch's *Caldwell* claim fails because the comments to the jury accurately characterized the role of the jury under Ohio law. Ohio juries make the necessary factual findings, weigh the aggravating and mitigating circumstances, and recommend a sentence. But the defendant cannot receive the death penalty without

9

the trial court separately weighing the aggravating circumstances as determined by the jury against mitigating factors. The jury's recommendation is just that—a recommendation that the trial court may accept or reject, based on its independent weighing of the factors.

{**¶30**} The remarks by the trial court, prosecutor, and Lynch's defense counsel properly described the role assigned to the jury under Ohio law. Therefore, Lynch's first assignment of error is overruled.

### III.   <u>Conclusion</u>

{**¶31**} For the foregoing reasons, we overrule Lynch's two assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion