[Cite as *State v. Trimble*, 2022-Ohio-1906.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-P-0004 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| JAMES E. TRIMBLE, | Trial Court No. 2005 CR 00022 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: June 6, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Kathryn L. Sandford*, Assistant State Public Defender, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James E. Trimble ("Mr. Trimble"), appeals the judgment of the Portage County Court of Common Pleas denying his successive petition for postconviction relief. Mr. Trimble sought the vacation of his death sentence on constitutional grounds.

{¶2} In his first assignment of error, Mr. Trimble asserts an "as-applied" constitutional challenge to Ohio's death penalty statute based on the Supreme Court of the United States' decision in *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616, 193 L.Ed.2d

504 (2016). In his second assignment of error, Mr. Trimble asserts a "facial" constitutional challenge based on *Hurst*.

{¶3} After a careful review of the record and pertinent law, we find that the trial court did not err in denying Mr. Trimble's successive petition for postconviction relief. First, since Mr. Trimble did not establish the requirements for a successive petition under R.C. 2953.23, the trial court was not permitted to entertain it. Second, even if Mr. Trimble's successive petition had been properly before the trial court, he failed to establish substantive grounds for relief. The Supreme Court of Ohio has held that Ohio's death penalty statute satisfies the Sixth Amendment and is distinguishable from the law at issue in *Hurst*. In addition, the parties' characterization of Mr. Trimble's death sentence as a "recommendation" during his trial proceedings was an accurate statement of Ohio law. Thus, we affirm the judgment of the Portage County Court of Common Pleas.

## Substantive and Procedural History

{¶4} In 2005, Mr. Trimble shot and killed his girlfriend, Renee Bauer, and her seven-year-old son at their home in Brimfield Township. Mr. Trimble fled the scene on foot. Later that evening, he broke into the nearby residence of Sarah Positano, a 22-year-old college student, and took her hostage. After a police SWAT team surrounded the residence, Mr. Trimble shot and killed Ms. Positano and exchanged gunfire with the SWAT team. The next morning, the SWAT team entered the residence and arrested Mr. Trimble.

{¶5} Following a jury trial in the Portage County Court of Common Pleas, Mr. Trimble was found guilty of three counts aggravated murder and accompanying specifications, three counts of kidnapping, one count aggravated burglary, and two counts

2

of felonious assault. Following a mitigation hearing, the jury recommended that Mr. Trimble be sentenced to death. Following its independent review, the trial court sentenced Mr. Trimble accordingly. The Supreme Court of Ohio affirmed Mr. Trimble's convictions and death sentence on direct appeal in *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, *cert. denied*, *Trimble v. Ohio*, 558 U.S. 1055, 130 S.Ct. 752, 175 L.Ed.2d 526 (2009).

{¶6} While his direct appeal was pending, Mr. Trimble filed a petition for postconviction relief, raising 11 claims for relief. The trial court dismissed Mr. Trimble's petition, and this court affirmed in *State v. Trimble*, 11th Dist. Portage No. 2007-P-0098, 2008-Ohio-6409, *appeal not accepted*, 122 Ohio St.3d 1502, 2009-Ohio-4233, 912 N.E.2d 107.

{¶7} In 2010, Mr. Trimble filed a petition for a writ of habeas corpus in federal court, raising six grounds for relief. *See Trimble v. Bobby*, N.D.Ohio No. 5:10-CV-00149, 2013 WL 1155594, *4 (Mar. 20, 2013). The district court conditionally granted Mr. Trimble relief on his claim alleging juror bias, set aside his death sentences, and ordered a new capital sentencing hearing. *Id.* at *30. However, the Sixth Circuit Court of Appeals reversed the district court's grant of habeas relief in *Trimble v. Bobby*, 804 F.3d 767 (6th Cir.2015), *cert. denied*, *Trimble v. Jenkins*, 137 S.Ct. 41, 196 L.Ed.2d 49 (2016).

{¶8} In 2013, Mr. Trimble filed a motion for leave to move for a new trial pursuant to Crim.R. 33(B). Mr. Trimble contended new evidence demonstrated he did not purposely cause Ms. Positano's death. The trial court twice overruled Mr. Trimble's motion for leave, and this court twice reversed and remanded. *See State v. Trimble*, 2015-Ohio-942, 30 N.E.3d 222, ¶ 26 (11th Dist.); *State v. Trimble*, 11th Dist. Portage No.

3

2015-P-0038, 2016-Ohio-1307, ¶ 23. The trial court subsequently overruled Mr. Trimble's motion for a new trial following an evidentiary hearing. Mr. Trimble appealed the trial court's denial of his motion for discovery, and this court affirmed. *See State v. Trimble*, 11th Dist. Portage No. 2017-P-0062, 2018-Ohio-3444, ¶ 31-32, *appeal not accepted*, 154 Ohio St.3d 1464, 2018-Ohio-5209, 114 N.E.3d 215.

{¶9} In 2016, Mr. Trimble filed a "successor [sic] petition to vacate or set aside death sentence pursuant to Ohio Revised Code § 2953.23." Mr. Trimble argued that Ohio's death penalty statute is unconstitutional pursuant to the Supreme Court of the United States' then-recent decision in *Hurst, supra.* The state filed a brief in opposition.

{¶10} Upon Mr. Trimble's request, the trial court held his successive petition in abeyance pending a decision from the Supreme Court of Ohio in a similar case. In *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56, the Supreme Court of Ohio held that Ohio's death penalty statute satisfies the Sixth Amendment and is distinguishable from the law at issue in *Hurst. Id*. at ¶ 21. The Supreme Court of the United States subsequently denied certiorari. *See Mason v. Ohio*, 139 S.Ct. 456, 202 L.Ed.2d 351 (2018).

{¶11} In 2019, the trial court filed a judgment entry denying Mr. Trimble's petition based on *Mason*. In 2022, Mr. Trimble filed a motion for a delayed appeal, contending that his counsel never received notice of the trial court's judgment entry. We determined that Mr. Trimble's appeal was timely because no notation of service appeared on the docket pursuant to Civ.R. 58(B).

{¶12} Mr. Trimble raises the following two assignments of error:

4

Case No. 2022-P-0004

{¶13} "[1.] The trial court erred when it denied Trimble's motion for a new mitigation trial because Trimble proved Ohio's death penalty statute is unconstitutional as applied to his case in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616 (2016).

{¶14} "[2.] The trial court erred by denying Trimble's motion for a new mitigation trial because Ohio's death penalty scheme is unconstitutional under the Sixth and Fourteenth Amendments to the U.S. Constitution, based on *Hurst*."

{¶15} We consider Mr. Trimble's assignments of error together and out of order.

**Standard of Review**

{¶16} We review a trial court's decision denying a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).[1]

**Successive Petition**

{¶17} Mr. Trimble's assigned errors focus on the substantive merits of his constitutional arguments. However, a preliminary issue is whether the trial court was permitted to entertain his successive petition for postconviction relief.

{¶18} R.C. 2953.21 provides, in relevant part, that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the

---

1. In his appellate brief, Mr. Trimble refers to his 2016 filing in the trial court as a "motion for a new mitigation trial." This is not an accurate characterization of his 2016 filing based on its caption or its contents.

5

Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a). "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D).

{¶19} However, R.C. 2953.23 provides, in relevant part, that a court "may not entertain" a successive petition unless "(a) * * * the petitioner shows that * * * subsequent * * * to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right *that applies retroactively to persons in the petitioner's situation*, and the petition asserts a claim based on that right" and "(b) [t]he petitioner shows by clear and convincing evidence that, * * * but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis added.) R.C. 2953.23(A)(1)(a)-(b).

{¶20} In his successive petition, Mr. Trimble contended that his death sentence was "void or voidable" pursuant to *Hurst*. Although *Hurst* was released after Mr. Trimble filed his first petition, this court has held that *Hurst* does not apply retroactively to cases on collateral review. *See State v. Lorraine*, 2018-Ohio-3325, 120 N.E.3d 33, ¶ 38 (11th Dist.). In addition, Mr. Trimble did not address or purport to establish the second requirement for a successive petition. Since R.C. 2953.23 did not permit the trial court to entertain Mr. Trimble's successive petition, the trial court did not err in denying it.

{¶21} Even if Mr. Trimble's successive petition had been properly before the trial court, however, Mr. Trimble failed to establish substantive grounds for relief, as explained below.

6

Case No. 2022-P-0004

## Facial Challenge

{¶22} In his second assignment of error, Mr. Trimble contends that Ohio's death penalty scheme is facially unconstitutional pursuant to *Hurst.* A statute is unconstitutional on its face when "there exists no set of circumstances under which the statute would be valid." *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37.

{¶23} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial "by an impartial jury." In conjunction with the Due Process Clause, that right requires a jury to find every element of a crime proven beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 103, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Facts that "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict" are elements of a crime that must be found by a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 494, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In capital trials, an aggravating factor is the functional equivalent of an element of a more serious offense and therefore must be found by a jury. *Ring v. Arizona*, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

{¶24} In *Hurst*, the Supreme Court of the United States held that Florida's capital sentencing scheme was unconstitutional. *Id.* at 94. Under Florida's scheme, an advisory jury issued a nonbinding sentencing recommendation of life or death to the trial court, which included no specific findings of fact regarding the existence of aggravating circumstances. *Id.* at 99. The Supreme Court explained that the Sixth Amendment requires a jury's verdict to serve as the basis for a death sentence, not a judge's fact-finding. *Id.* at 102. The court stated that the Sixth Amendment "requires a jury, not a

7

judge, to find each fact necessary to impose a death sentence. A jury's mere recommendation is not enough." *Id.* at 94.

{¶25} Mr. Trimble argues that Ohio's capital sentencing scheme suffers from the same defects that rendered Florida's system unconstitutional in *Hurst*. He urges this court to adopt a broad reading of *Hurst*, i.e., that the Sixth Amendment requires the jury to make specific factual findings regarding the sufficiency of the aggravating circumstances to impose the death penalty rather than simply issue a recommendation.

{¶26} The Supreme Court of Ohio rejected these arguments in *Mason*, *supra*. First, material differences exist between the two schemes. Unlike in the former Florida death-penalty scheme, an Ohio jury must make findings in the guilt phase that one or more aggravating circumstances existed beyond a reasonable doubt. *Id.* at ¶ 32. That fact-finding was a "key distinction" for the Supreme Court of Ohio, as it established the aggravating circumstances that the trial court must weigh against mitigating circumstances. *Id.* at ¶ 37. Second, an Ohio trial court cannot find additional aggravating circumstances independent of the jury or increase the sentence based on its own finding. *Id.* at ¶ 39-40. Finally, the *Mason* court rejected the argument that *Hurst* requires a jury to exclusively decide whether to impose death. *Id.* at ¶ 42. Instead, the court concluded that Ohio's scheme "safeguards offenders from wayward juries" when the trial court reweighs the aggravating circumstances found by the jury against the mitigating circumstances. *Id.* at ¶ 40.

{¶27} While Mr. Trimble disagrees with this reasoning, the Supreme Court of Ohio has repeatedly reaffirmed *Mason* and upheld Ohio's capital punishment scheme as constitutional. *See State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d

8

1092, ¶ 228; *State ex rel. O'Malley v. Collier-Williams*, 153 Ohio St.3d 553, 2018-Ohio-3154, 108 N.E.3d 1082, ¶ 20; *State v. Goff*, 154 Ohio St.3d 218, 2018-Ohio-3763, 113 N.E.3d 490, ¶ 36; *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, 123 N.E.3d 955, ¶ 279; *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 151-152; *State v. Graham*, 164 Ohio St.3d 187, 2020-Ohio-6700, 172 N.E.3d 841, ¶ 185-186.

**{¶28}** Accordingly, Mr. Trimble did not establish a facial constitutional challenge.

**{¶29}** Mr. Trimble's second assignment of error is without merit.

## As-Applied Challenge

**{¶30}** In his first assignment of error, Mr. Trimble contends that Ohio's death-penalty scheme, as applied to his trial proceedings, violates the Sixth and Fourteenth Amendments to the United States Constitution. A statute may be challenged on the ground that it is unconstitutional "as applied to a particular set of facts." *Harrold, supra,* at ¶ 38.

**{¶31}** Mr. Trimble argues that comments made by the trial court, the prosecutor, and his defense counsel unconstitutionally diminished the jury's sense of responsibility by characterizing its death sentence as a recommendation. Mr. Trimble relies on the same arguments made in his facial challenge - that under *Hurst*, "a mere recommendation is not enough" - to argue that those comments were improper.

**{¶32}** We note that Mr. Trimble asserted only a facial challenge in his successive petition. He asserts his as-applied challenge for the first time on appeal. The Supreme Court of Ohio has held that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and

9

therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.

**{¶33}** Even if the issue was properly before us, however, Mr. Trimble's position lacks substantive merit. The First District recently rejected this argument in *State v. Lynch*, 1st Dist. Hamilton No. C-210234, 2021-Ohio-4094. As the court aptly explained, such comments to a jury accurately characterize the role of the jury under Ohio law. *Id.* at ¶ 29. Ohio juries make the necessary factual findings, weigh the aggravating and mitigating circumstances, and recommend a sentence. *Id.* The defendant cannot receive the death penalty without the trial court separately weighing the aggravating circumstances as determined by the jury against mitigating factors. The jury's recommendation of death is just that - a recommendation that the trial court may accept or reject, based on its independent weighing of the factors. *Id.*

**{¶34}** Accordingly, Mr. Trimble did not establish an as-applied constitutional challenge.

**{¶35}** Mr. Trimble's first assignment of error is without merit.

**{¶36}** For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

10

Case No. 2022-P-0004